# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOHN JOSEPH WILLIAMS

      Plaintiff,

v.                                                     Civil No. 01-694 WJ/DJS

UNITED STATES OF AMERICA,
TOM S. UDALL, Congressman, NORMAN
E. BROWNE, DR. JEFFREY KATZMAN,
DR. THERESA MOYERS, 10 UNKNOWN
DOES,

      Defendants.

## MEMORANDUM OPINION AND ORDER ON MOTION TO DISMISS BY DEFENDANTS BROWNE, KATZMAN AND MOYERS

THIS MATTER comes before the Court upon a Motion to Dismiss by Defendants Browne, Katzman and Moyers, filed December 7, 2001 **(Doc. 40)** and a Motion to Dismiss by Defendant United States of America, filed November 13, 2001 **(Doc. 29)**. This Opinion also addresses without discussion Plaintiff's Motion to Deny the United States' Motion to Dismiss **(Doc. 36)**, which is essentially a response, Plaintiff's Motion to Dismiss Counts 1 - 22 against the United States **(Doc. 44)**, and various other motions filed by Plaintiff which are rendered moot by my findings here **(Docs. 2, 3, 4, 5, 6, 7, 34, 45)**.[1]

Plaintiff, who is proceeding *pro se*, describes himself as a disabled veteran who has been diagnosed with post-traumatic stress disorder ("PTSD"). His seventy-eight page complaint can fairly be read as alleging that he is a victim of persecution by, and conspiracy between,

---

[1] Although styled as a "motion," Document 45 is a reply to Defendant's response to the Plaintiff's motion to compel, Document 34.

Defendants/employees at the Veterans Administration ("VA") and Representative Tom Udall, who, (Plaintiff alleges) is out to destroy him and other disabled veterans. Mr. Williams alleges violations of numerous federal civil rights as well as tort actions brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671 et seq. ("FTCA"). The allegations stem from his overnight forced "incarceration" on a psychiatric ward at the VA hospital on October 14, 1999. The parties are referred to the Court's Memorandum Opinion and Order on Defendant Udall's Motion to Dismiss for the underlying events and factual allegations.

Construed most liberally, Plaintiff asserts tort claims under the Federal Tort Claims Act and federal constitutional claims under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).[2] The bases for Plaintiff's claims are premised on the following allegations: (1) that he was forcibly "incarcerated" overnight at the VA hospital on October 14, 1999; that his request for out-of-state funding (in El Paso) for PTSD therapy was rejected;[3] and (3) that the VA was refusing to turn over certain documents under his Freedom of Information ("FOIA") request which Plaintiff

---

[2] Although Plaintiff's claims are stated in terms of § 1983, § 1985(3), § 1986, they can be considered Bivens actions because policies underlying Bivens actions are essentially the same as those underlying § 1983 actions, except that §1983 involves a state actor, and Bivens actions require a federal actor. See Industrial Constructors Corp. et al v. U.S. Bureau of Reclamation, 15 F.3d 963, 968 (10th Cir. 1994); Martin v. Sias, 88 F.3d 774, 775 (9th Cir.1996).

[3] Plaintiff views this as a violation of his right to a "fear-free therapy environment and to . . . reasonable patient-therapist confidentiality." Compl. at 21. As explained in the Opinion granting Mr. Udall's motion to dismiss, Plaintiff did not believe the VA could guarantee the confidentiality of his medical records or therapy sessions because Representative Udall (who was Attorney General at the time) would use his "form of police power over the VA" not only to eavesdrop on Plaintiff's therapy sessions, but to "also directly or indirectly control, manipulate or dictate the therapy and therapist for the purpose of causing him horrendous injury." Compl., at 8.

took up following his overnight stay at the VA.[4] Both sets of remaining Defendants (Browne, Katzman and Moyers[5] and the United States) have grounds for their request that the complaint be dismissed under Rule 8 of the Federal Rules of Civil Procedure. Although Mr. Williams is proceeding pro se and may not understand the pleading requirements of Rule 8, nevertheless he failed to comply with the rule's requirement that a complaint consist of a "short and plain statement of the claim showing that [Plaintiff] is entitled to relief . . . ." However, I find it more appropriate to dismiss Plaintiff's case with prejudice and in its entirety based on Defendants' alternative arguments either for lack of jurisdiction under the FTCA or for failure to state a claim.

A district court may dismiss a *pro se* complaint *sua sponte* without permitting the plaintiff to amend the complaint only if it is clear that the amendment would be futile. See McKinney v. Oklahoma, 925 F.2d 363, 365 (10th Cir.1991). Having reviewed the nature of the claims in the instant complaint, Plaintiff's responses to Defendants' motions, and Plaintiff's other pleadings filed in this case, I find that allowing Plaintiff to amend his complaint would be an exercise in futility.

*Federal Constitutional Claims*

Mr. Williams alleges constitutional tort claims against the United States Government as well as the individual Defendants. However, these claims can only be considered as alleged

---

[4] Defendants' alleged refusal to comply with the requests left Plaintiff "no choice but to now assume that the VA refuses to cooperate with me because it is knowingly, purposefully, maliciously and egregiously concealing and withholding evidence to cover up criminal and-or civil wrongdoings to outrageously obstruct my ability to obtain justice." Compl., at 31 (quoting from letter to "General Counsel" in Washington, D.C).

[5] Norman Browne was an administrator at the VA, Dr. Theresa Moyers was a psychologist, and Dr. Jeffrey Katzman was Acting Chief of Psychiatry.

3

against Defendants Browne, Katzman and Moyers, as there is no action against the United States or its agencies for damages for constitutional violations under the doctrine of sovereign immunity. See FDIC v. Meyer, 510 U.S. 471 (1994) (suits against United States, as opposed to such claims against the federal employee in his individual capacity, are barred by sovereign immunity); Dry v. United States, 235 F.3d 1249,1255 (10th Cir. 2000) (Fourteenth Amendment and § 1983 claims not applicable to federal government); Dahn v. United States, 127 F. 3d 1249, 1254 (10th Cir. 1997) (United States and its agencies are not subject to suit under Bivens); Ricca v. United States, 488 F. Supp. 1317, 1325 (E. D. N. Y. 1980) (no waiver of immunity by United States from suit under 42 U. S. C. §§ 1983, 1985(3), even for claims not barred by § 2680(h) of the FTCA)).

I have considered the facts alleged by Plaintiff as true, as I am required to do when addressing a motion to dismiss under Fed.R.Civ. P. 12(b)(6). See Yoder v. Honeywell Inc., 104 F. 3d 1215, 1224 (10th Cir.), cert. denied, 522 U.S. 812 (1997). Even so, by his own presentation of the facts, Plaintiff fails to state a claim against Defendants Katzman and Moyers under theories based on conspiracy or other constitutional violations. When Mr. Williams first presented at the VA in September 1999 for the sole purpose of obtaining funding for treatment outside of the VA system, he related to a physician's assistant the history behind his conflict with Mr. Udall.[6] Plaintiff was given an appointment to see Dr. Moyers on October 14, 1999. At that

---

[6] Plaintiff claims his conflict of interest with Representative Udall began in 1997 when Mr. Udall charged him and his wife with unfair trade practices for selling psychic equipment. In connection with that charge, Plaintiff was asked questions regarding his military service and past criminal convictions. Plaintiff believes that the purpose of those "juxtaposed" questions was to show that "being a Disabled Veteran in New Mexico is worse than even being a criminal." Compl. at 15.

appointment, both Drs. Moyers and Katzman (whom Moyers called in after questioning Plaintiff for a while) "grilled" Plaintiff about his feelings for Mr. Udall, and with obvious concern for Mr. Udall's safety, asked Mr. Williams whether he could guarantee Mr. Udall's physical safety for the next forty-eight hours. Plaintiff answered "No."[7] When asked if he could think of a situation when he would react violently, Mr. Williams allegedly answered that he was not a violent person, but that he couldn't predict the future, and that if someone violently attacked him or his family, he would violently fight back. Compl. at 10. After being frisked by uniformed police, who found and removed a utility knife, Plaintiff was told he was being detained because he was evasive about answering questions concerning Mr. Udall's physical safety and his own proclivity to violence.

Plaintiff's statements, even considered favorably, are inconsistent with his allegations of constitutional violations and tortious conduct. According to Plaintiff's own offering of the facts, Defendants attempted at length to solicit a statement from him which would convince them that Congressman Udall was not at risk from any actions Mr. Williams might take. See e.g., Compl. at 18 (portion of Dr. Moyers' report of incident). Given his admitted responses to the doctors' questions, one is hard put to construe his overnight observation and detention as being either unreasonable, negligent, or carried out with an intent to violate Plaintiff's constitutional rights. Nor do his allegations support evidence of a conspiracy or collusion among any of the Defendants. Similarly, Mr. Williams' own description of his hospital stay belie his claims of

---

[7] Plaintiff states that he thought this was a "trick" question because it was possible that Mr. Udall could become involved in an unforeseen car accident, which he "could not possibly predict or prevent." Compl. at 10. The Defendants, obviously having no way to read his thoughts, were left simply with his response of "No."

5

Eighth Amendment violations for "cruel and unusual punishment":[8]

> Except for one modest problem, Plaintiff Williams felt that the ward staff (excluding Defendant doctors) were professional and treated him OK. The one problem he had was that after waiting for at least 10 minutes at the attendant's station to ask for a simple cup so he could brush his teeth and not being attended to, he interrupted an attendant typing into a computer, and the attendant responded by crabbily saying, "Can't you see I'm busy!" but he got the cup anyway.

Compl. at 13. Except for their actions in detaining him overnight at the VA hospital (which I have found not sufficient to sustain a claim against them), Plaintiff presents no facts or evidence to connect Defendants Katzman and Moyers with his claims relating either to his inability to get funding approval for PTSD therapy in El Paso, to any conspiracy between these Defendants and Representative Udall in preventing him from getting approval for this funding, or to his self-styled FOIA requests. Therefore, Mr. Williams' claims against Defendants Katzman and Moyers will be dismissed with prejudice.

It is not clear how Plaintiff's FOIA claims are connected with Defendant Browne. Plaintiff includes an excerpt from a letter in which Mr. Browne allegedly responded to a request for documents, but most of Plaintiff's FOIA campaign involves correspondence to and from numerous other individuals, including a "Clay Johnson" and a Mr. "Thompson," who are not named Defendants in this action. See, Compl. at 22-30. Despite Mr. Thompson's assurances that all of Plaintiff's medical records maintained at the VA were sent to him, Plaintiff remains unconvinced and persists in his search to "uncover the presence of negligence, corruption and-or conspiracy." For example, Plaintiff is unsatisfied when told that the only VA documents that

---

[8] Because Plaintiff is not a prisoner, this type of claim is more appropriately brought under the 14th Amendment's substantive due process clause, instead of the Eighth Amendment. See Youngberg v. Romeo, 457 U.S. 307, 315-16 (1982). However, it fails under either standard.

6

mention him and Representative Udall were a letter he himself had written concerning Mr. Udall and a response to another letter that had concerned the same. Compl. at 25. Moreover, throughout the complaint, Plaintiff's FOIA requests keep changing, many of them resembling discovery requests in a civil lawsuit more than FOIA requests.[9] After receiving documents concerning recent wrongful death and medical malpractice cases brought against the VA, Compl. at 26, Plaintiff's allegations shift to objecting to a fee for the document search. Compl. at 27.

Accordingly, I find that Plaintiff's complaint contains no factual or legal support for any of his allegations of constitutional violations (e.g., alleging "unreasonable seizure" under the Fourth Amendment, First Amendment right to free speech, Eighth Amendment Cruel and Unusual Punishment) against Defendant Browne. As with his claims against Defendants Katzman and Moyers, Plaintiff's claims against Mr. Browne will be dismissed.

*Tort Claims (Federal Tort Claims Act)*

Plaintiff's sole and exclusive remedy against any federal employee in a tort action is against the United States, and not the individual employees. 28 U. S. C. § 2679( b)( 1); 28 USC §2679(d)(1)). Under the FTCA, the United States has waived its sovereign immunity for injuries to persons resulting from the negligent actions of its employees when they are acting within the scope of their federal employment. 28 USC s. 1346(b). Defendants argue that there is no

---

[9] As examples, Plaintiff requested: "Mental health or therapy complaints, VA Medical Center, ABQ, NM," "Smoking or Tobacco Use or Abuse complaints, VA Medical Center, ABQ, NM,""Voluntary or involuntary commitment complaints, VA Medical Center, ABQ, NM." Compl. at 22. He later adds to the list with requests for "All audio, video, photographic and written recordings, all specific statements Defendant doctors claimed that Plaintiff made threatening anyone, any claims that Plaintiff did not repeatedly state that he had no intention of harming anyone. . . . and identities of all personnel and their supervisors who were responsible for or had duties relating to Plaintiff Williams' care or confinement who were on duty during the 24-hour period of this incident." Compl. at 26.

7

jurisdictional basis for any such waiver for any of the counts in the complaint. I agree. There is no waiver of sovereign immunity under the FTCA for Counts 1-22 which are allegations of constitutional violations (and Plaintiff has filed a motion with the Court to dismiss these counts, see Doc. 44). In Counts 23 to 55, 62, 63, and 73, the United States is not a named Defendant. The Court has no jurisdiction over the substance in Counts 57 and 61 because they are brought under equal protection and not under any tort theory. Counts 56, 58, 59, 60, 64-69, 71 and 72 are not cognizable claims under the FTCA because there is no waiver of immunity for assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. 28 U.S.C. §2680.[10]

Accordingly, Plaintiff's tort claims against the Defendants (construed as being brought under the FTCA), will be dismissed with prejudice.

***"10 Unknown Does"***

Aside from mentioning them in the caption, Plaintiff fails to state any allegations against these unnamed Defendants, or allude to any conduct by unnamed individuals which would warrant the continued presence of unknown "Does" in this action. These individuals will be dismissed from the case, and Plaintiff's "claims" against them will be dismissed.

**THEREFORE**,

**IT IS ORDERED** that the Motion to Dismiss by Defendants Browne, Katzman and Moyers **(Doc. 40)** is GRANTED;

**IT IS FURTHER ORDERED** that theMotion to Dismiss by Defendant United States of

---

[10] Plaintiff styles some of these counts as "medical malpractice," but essentially alleges false imprisonment or abuse of process. Cmp. U.S. v. Shearer, 473 U.S. 52 (1985) (assault and battery claim could not be maintained against the United States by couching it in negligence terms). Also, allegations related to Defendant's rejection of his request for counseling in El Paso do not constitute a claim which can be brought under the FTCA.

America **(Doc. 29)** is GRANTED;

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Dismiss Counts 1 - 22 against the United States **(Doc. 44)** is GRANTED;

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Deny the United States' Motion to Dismiss"**(Doc. 36)** is DENIED;

**IT IS FURTHER ORDERED** that the following motions filed by Plaintiff are denied as MOOT, given the disposition of my rulings on Defendants' motions to dismiss: **Documents 2, 3, 4, 5, 6, 7, 34 and 45**;

**IT IS FINALLY ORDERED** that Plaintiff's claims against all Defendants are hereby DISMISSED WITH PREJUDICE, disposing of this case in its entirety.

A Judgment in accordance with this Memorandum Opinion and Order will issue.

						_____
						UNITED STATES DISTRICT JUDGE